UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Walter Ernesto Raymundo-Lima,<br><br>Defendant. | Case No. 2:13-cr-409-JAD-GWF<br><br>**Order Overruling Defendant's Objections to Magistrate's Finding and Recommendation [Doc. 29], Adopting the U.S. Magistrate Judge's Findings & Recommendation [Doc. 27], and Denying Motion to Dismiss Indictment [Doc. 17]** |

Defendant Walter Ernesto Raymundo-Lima ("Lima") is charged with being an alien who reentered and remained in the United States after deportation without permission and in violation of 8 U.S.C. § 1326. Doc. 1. He moves to dismiss the indictment by collaterally attacking his 1999 removal order as constitutionally defective because he was not given notice of the hearing and his right to apply for relief from removal. Doc. 17. After full briefing and a hearing, Magistrate Judge Foley found that the lack of notice was the result of Lima's failure to supply the INS with his address; there was no due process violation; and, regardless, Lima would have been independently subject to removal after his 2002 aggravated felony conviction. Doc. 27. Judge Foley recommends I deny the motion to dismiss the indictment. *Id*. Lima objects. Doc. 29. Having reviewed Lima's timely objections, I agree with Judge Foley that even if Lima's 1999 removal proceedings were constitutionally defective, he was lawfully deported in 2003 after an aggravated felony conviction, and that deportation independently forms the basis for his instant § 1326 charge. Since Lima can be lawfully prosecuted under 8 U.S.C. § 1326 based on his 2003 removal, regardless of the validity of the 1999 proceedings, his objections are overruled, and his motion to dismiss is denied.

**Background**

On February 22, 1999, the Immigration and Naturalization Service (INS) charged Lima with being an alien present in the United States who had not been admitted or paroled, gave him a written notice to appear before an immigration judge at a date and time "to be set," and released him on his own recognizance. Doc. 17-1 at 2. The notice directed Lima to immediately provide the INS his mailing address and phone number. *Id.* at 3. Lima failed to provide an address to the INS at the time he was notified of his rights. *Id.* at 2. The removal hearing was conducted on November 30, 1999, *in absentia*; the Immigration Judge noted Lima's failure to appear and ordered him deported. Doc. 24-1 at 2-14.[1]

On July 10, 2002, Lima was indicted in Utah for transporting undocumented aliens.[2] Doc. 24-1 at 15-16. He pled guilty, and on December 2, 2002, he was sentenced to a 12-month term of imprisonment, after completion of which he was to be turned over to INS for deportation. *Id.* at 17-30. He was removed from the United States on August 11, 2003. Docs. 24-1 at 34; 27 at 5. On November 6, 2013, he was indicted on the instant § 1326 charge that he now moves to dismiss. Docs. 1, 17.

In his motion, Lima argues that he was denied due process in his 1999 deportation proceedings because he did not receive notice of the hearing, and he suffered prejudice from the due process violation because he was eligible for prehearing voluntary departure and would not have been deported had he been granted that relief. Doc. 17 at 6-9. He also contends that he should be excused from exhausting administrative remedies because he was deported without notice. *Id.* at 9. Finally, he claims that he had a plausible claim for voluntary departure because he "met all of the technical requirements for pre-hearing voluntary departure" in that "He had sufficient financial resources to finance his trip out of

---

[1] Lima applied for Temporary Protected Status on March 13, 2001, stating that he was an El Salvadorian national. Doc. 17-5 at 1. On his application, he answered "no" to the question, "have you ever been under immigration proceedings?" Doc. 17-5 at 1. Lima later answered "N/A" to a question asking "have you been excluded and deported from the United States within the past year, or have been deported or removed from the United States at government expense within the last 5 years . . . .?" *Id.* at 5. There is no evidence that the government has granted or denied this application.

[2] In violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II).

the United States because of the close proximity to the Mexican border, was not an aggravated felon and had not previously availed himself of voluntary departure." *Id.* at 10. He also contends that on or about March 13, 2001, he applied for Temporary Protected Status ("TPS"), and that application is still technically pending despite his removal and stays any removal proceedings. *Id.* at 5-6.

In response, the government points out that, not only did Lima fail to provide the INS with any contact information to notify him of his 1999 immigration hearing, but Lima later pled guilty to an aggravated felony in 2002, was found ineligible for TPS and ordered removed to El Salvador. Doc. 24 at 3. Lima's reply takes issue with the government's evidentiary proffer, arguing that a July 1, 2002, Record of Deportable/Inadmissible Alien contains facts that could only have been known at the time Lima was sentenced on December 2, 2002. Doc. 25 at 2-3. Lima also contends that his TPS did not expire even after he was convicted of a felony. *Id.* at 3.

The motion was referred to Magistrate Judge Foley, who conducted a hearing on the motion on May 22, 2014. Doc. 26 (minutes). Judge Foley issued a 16-page order, in which he determined that the 1999 removal order did not violate Lima's due process right to notice because Lima failed to provide the government with any contact information, and the form itself warned, "If you do not . . . provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing." Doc. 27 at 11. Judge Foley found no requirement that the Notice to Appear inform Lima of his eligibility to apply for relief from removal, such as through a voluntary departure. *Id.* at 12. Judge Foley also found that even if Lima's due process rights were violated in the 1999 proceedings, he suffered no prejudice because he was also removed in 2003 after pleading guilty to an aggravated felony. *Id.* at 13. Finally, Judge Foley found that under 8 U.S.C. § 1254a(c)(2)(B)(i) an alien who has been convicted of an aggravated felony is not eligible for TPS, and that under 8 U.S.C. § 1254a(c)(3)(A) the Attorney General is required to withdraw any such status, even if granted, from an alien who is found ineligible for the same. *Id.* at 14. Judge Foley recommends that I deny the motion to dismiss. *Id.* at

16.

Lima objects to Judge Foley's report and recommendation, arguing that "several missing pieces of evidence . . . raise a reasonable doubt as to the validity of the 1999 removal order; that Lima properly exhausted his administrative remedies; that November 30, 1999, was the controlling date to determine available remedies for removal; and that his TPS application was not automatically withdrawn by the time he pled guilty to an aggravated felony. Doc. 29 at 1-4.

## Discussion

District courts review objections to a magistrate judge's proposed findings and recommendations *de novo*.[3] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[4] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion, as a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."[5] Moreover, this district's local rule IB 3-2(b) requires *de novo* consideration of specific objections only. Having performed that de novo review, I overrule Lima's objections and adopt Judge Foley's Report and Recommendation in its entirety for the reasons set forth below.

Lima raises several objections to Judge Foley's recommendation. He first argues that several missing pieces of evidence "raise a reasonable doubt as to the validity of the Immigration Judge's 1999 *in abstentia* order" that first required his deportation. Doc. 29 at 2-3. He also argues that he did not need to move to reopen his 1999 immigration case and to contest his deportation for lack of notice because he filed the TPS application—which has never been decided. Doc. 29 at 3. Finally, he argues that the Attorney General has never

---

[3] Fed. R. Crim. Proc. 59(b)(3).

[4] *Id.*

[5] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (emphasis in original).

withdrawn his TPS application and therefore his removal should be stayed until the application is acted upon. Doc. 29 at 4.

Missing from any of these objections is any suggestion that Lima was wrongfully deported after being convicted of transporting undocumented aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (v)(II) in 2002. This is critical to the merits of his collateral attack because, as Judge Foley properly found, Lima's transporting-aliens conviction carried a prison term of up to five years, rendering it a qualifying felony under federal law[6] and an "aggravated felony" under the immigration laws.[7] An alien convicted of any felony is deportable, and an alien convicted of an aggravated felony is not subject to voluntary departure.[8] Moreover, an alien convicted of any felony is not eligible for TPS at all.[9]

A criminal defendant's collateral attack on prior immigration proceedings focuses not on whether those proceedings complied with every nuance of the immigration code but rather on whether the defendant was *prejudiced* from those defects. As the Ninth Circuit has observed, "[a] deportation is lawful even if the proceeding does not comply with every jot and tittle of the immigration laws" if the outcome of the proceedings "could not have yielded a different result."[10] Judge Foley properly determined that Lima's conviction as an aggravated felon independently required his deportation regardless of the validity of the 1999 deportation or the pendency of any TPS deportation, and Lima offers nothing to suggest that he did, or could have, re-entered the country lawfully after that 2003 removal. Thus, even assuming *arguendo* that either Lima's 1999 proceedings or his still-"pending" TPS

---

[6] 18 U.S.C. § 3559(a)(4)-(5).

[7] 8 U.S.C. § 1101(a)(43)(N). While this statute contains an exception for an alien who "has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter," *id.*, there is no evidence that Lima made such an affirmative showing during his criminal proceedings.

[8] 8 U.S.C. § 1229c(b)(1)(C).

[9] 8 U.S.C. § 1254a(c)(2)(B)(i).

[10] *United States v. Galicia-Gonzalez*, 997 F.2d 602, 603 (9th Cir. 1993) (citation and internal quotation marks omitted).

application were defectively administered, curing those "defects" would not have prevented Lima's 2003 post-felony-conviction deportation or, by extension, invalidate his current § 1326 charge.  Thus, Lima has suffered no constitutionally cognizable prejudice as a result of the 1999 removal proceedings or the administration of his TPS application, I overrule all of Lima's objections, and I adopt Judge Foley's Findings and Recommendation in full.  Lima's motion to dismiss the indictment is denied.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Objections to Magistrate's Findings and Recommendations **[Doc. 29] are OVERRULED**;

IT IS FURTHER ORDERED that Magistrate Judge Foley's Findings and Recommendations **[Doc. 27] are ACCEPTED and ADOPTED** in full; and

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Indictment **[Doc. 17] is DENIED.**

DATED: October 8, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE