# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Walter Ernesto Raymundo-Lima,<br><br>　　　　Defendant. | Case No. 2:13-cr-409-JAD-GWF<br><br>**Order Denying Motion for an Evidentiary Hearing [Doc. 40]** |

　　　Defendant Walter Ernesto Raymundo-Lima ("Lima") is charged with being an alien who reentered and remained in the United States after deportation without permission and in violation of 8 U.S.C. § 1326. Doc. 1. Earlier this month, the court denied his motion to dismiss the indictment in which he attempted to collaterally attack his 1999 removal order as constitutionally defective. Doc. 38. The court reasoned that there was no due process violation in the 1999 removal and even if Lima's 1999 removal proceedings were constitutionally defective, he was lawfully deported in 2003 after an aggravated felony conviction in Utah and that deportation independently forms the basis for his instant § 1326 charge. *Id.*

　　　Lima now asks me to remand this matter to the magistrate judge so that Lima can raise a collateral attack on his 2002 Utah conviction in an evidentiary hearing. Doc. 40. That attack, he suggests, will "raise the issue of ineffective assistance of appointed counsel, which requires a factual determination by the Court that the Defendant's representation was ineffective and, as a result of the ineffective assistance of his counsel, the Defendant was deprived of his Due Process rights." *Id.* at 2. He cites no authority for his request. I deny the request because the United States Supreme Court foreclosed this type of collateral attack last year in *Chaidez v. United States.*[1]

---

[1] 133 S.Ct 1103 (2013).

**Discussion**

Although Lima does not clarify the factual basis of his ineffective-assistance challenge, it appears that he seeks to argue that his counsel was ineffective because he failed to advise him of the collateral immigration consequences of his 2002 guilty plea. *See* Doc. 24-1 (guilty plea documents). In *Padilla v. Kentucky*,[2] the United States Supreme Court recognized that "the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea."[3] Three years later in *Chaidez v. United States*, the High Court limited *Padilla* challenges by holding that *Padilla* cannot be applied retroactively. Thus, only convictions that occurred after *Padilla* was handed down on March 31, 2010, may be collaterally attacked based on counsel's failure to provide effective immigration advice.[4]

Lima's conviction became final on December 2, 2002, after he pled guilty to transporting undocumented aliens, an aggravated felony under 8 U.S.C. § 1101(a)(43)(N). *See* Doc. 24-1 at 25-29. His conviction precedes *Padilla* by almost eight years, which means Lima cannot use *Padilla*'s recognition of a Sixth Amendment right to counsel on immigration consequences of a guilty plea to collaterally attack his 2002 conviction.[5] Accordingly, and as Lima has failed to provide me with any authority or basis for his purported collateral attack of the 2002 conviction, his motion for an evidentiary hearing on this collateral attack is denied.

---

[2] 559 U.S. 356 (2010).

[3] *Chaidez*, 133 S. Ct. at 1105.

[4] *Id*. at 1113 ("The Court announced a new rule in *Padilla*. Under *Teague*, defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding.").

[5] Lima does not actually cite *Padilla* in his motion; he does not cite any authority at all for his request. Doc. 40. Local Rule 47-9 makes it clear that this failure alone "shall constitute a consent to the denial of the motion."

**Conclusion**

Accordingly, it is HEREBY ORDERED that Lima's Motion for an Evidentiary Hearing **(Doc. 40) is DENIED**.

Dated: October 22, 2014

_____
Jennifer A. Dorsey
United States District Judge